**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**SHARON E. O'HARA**

vs.                                                              **3:07cv351/RV/MD**

**UNIVERSITY OF WEST FLORIDA, et al.**

## REPORT AND RECOMMENDATION

Defendants University of West Florida ("UWF"), Jerry Cartwright ("Cartwright") and Larry Strain ("Strain") have moved to dismiss plaintiff's third amended complaint filed pursuant to Title VII of the Civil Rights Act of 1964. (Doc. 27). The pro se plaintiff has filed a response entitled "motion of law in opposition to motion to dismiss or for summary judgment. (Doc. 36). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon review of the record, it is the opinion of the undersigned that the defendants' motion should be GRANTED and plaintiff should be permitted to file a fourth amended complaint.[1]

## Background

Plaintiff, who is proceeding pro se, sues defendants UWF, Cartwright and Strain alleging gender discrimination, age discrimination, sexual harassment and retaliation. (Doc. 16 at 3). Plaintiff has filed her complaint on the standard form

---

[1] Although it is not the province of this court to provide legal advice to pro se litigants, its previous orders directing plaintiff to amend were an attempt to provide guidance to the pro se plaintiff with the goal of presentation of a comprehensible claim.

provided by the court to be used by pro se litigants in actions filed under 42 U.S.C. § 2000e, *et seq.*, (Title VII of the Civil Rights Act), 29 U.S.C. § 621 *et seq.*, (Age Discrimination in Employment Act) or 42 U.S.C. § 12112, *et seq.,* (Americans with Disabilities Act). When asked to select the jurisdictional basis for this action, plaintiff checked the box indicating only Title VII of the Civil Rights Act of 1964, as codified in 42 U.S.C. §§ 2000e to 2000e-17. (Doc. 16 at 4).

From the various attachments to the complaint, which include earlier versions of plaintiff's complaint, the court gleans that plaintiff is a 55 year old female who was employed by the Florida Small Business Development Center Network (SBDCN) in Fort Meyers, Florida, before transferring to a position with the SBDCN in Pensacola. The precise nature of the SBDCN's affiliation with UWF is not clear from plaintiff's allegations. In any event, plaintiff asserts that upon accepting the position she was immediately harassed by Jerry Cartwright, who is the State Director of the SBDCN, and Pensacola director Larry Strain. She asserts that she reported Cartwright's and Strain's behavior to the UWF Human Resources Department, but no action was taken. Plaintiff alleges that in addition to the sexual harassment, Cartwright took actions that impeded her job performance and told her words to the effect that she "knew what she had to do" to keep her job. Finally, plaintiff contends that her contract was not renewed because she did not give in to Cartwright's harassment, and because she had reported Cartwright's and Strain's behavior.

## LEGAL ANALYSIS

### Improper Defendants

The court first addresses defendants' contention that plaintiff has not named the proper parties in this case. "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Hinson v. Clinch County, Georgia Bd. Of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000) (quoting *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)). The only

proper individual defendants in a Title VII action are supervisory employees in their capacity as agents of the employer.  *Id.*  Therefore, Cartwright and Strain are not proper defendants in this action.

Likewise, UWF is not a proper party to this action. Section 1001.72(1), Florida Statutes provides:

> (1) Each board of trustees shall be a public body corporate by the name of "The (name of university) Board of Trustees," with all the powers of a body corporate, including the power to adopt a corporate seal, to contract and be contracted with, to sue and be sued, to plead and be impleaded in all courts of law or equity, and to give and receive donations. In all suits against a board of trustees, service of process shall be made on the chair of the board of trustees or, in the absence of the chair, on the corporate secretary or designee.

1001.72(1), Fla. Stat..  Thus, the proper defendant under Florida law would be the UWF Board of Trustees.  *Id.*; see also *Scarbrough v. Board of Trustees Florida A&M University*, 504 F.3d 1220 (11th Cir. 2007); *Cuddeback v. Florida Bd. of Educ.*, 381 F.3d 1230 (11th Cir. 2004). Defendants' motion to dismiss on this basis should be granted, and plaintiff's third amended complaint as against each of the three named defendants should be dismissed.  As discussed below, this is not necessarily fatal to plaintiff's entire case, as the court finds sufficient merit in some of her substantive allegations to survive.

**Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)**

In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the court must accept the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Mills v. Foremost Ins. Co.,* 511 F.3d 1300, 1303 (11th Cir. 2008) (quoting *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006) (brackets omitted)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Mills*, 511 F.3d at 1303 (quoting *Bell Atl. Corp. v. Twombly*, ---U.S. ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation marks, citations, and brackets omitted)). Furthermore, the plaintiff's factual allegations, when assumed to be true, "must be enough to raise a right to relief above the speculative level ...." *Id*. (citing *Twombly*, 127 S.Ct. at 1965). Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. Of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004)). In considering the defendants' motion, the court is also mindful of the liberal construction afforded the pleadings of pro se litigants in accordance with *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

### Plaintiff's Age Discrimination Claim

Defendants contend that plaintiff's age discrimination claim is improper for several reasons. First, they note that age is not a protected class under Title VII, and although plaintiff has checked the box on the form claiming that she was discriminated against based on her age, (doc.16 at 3), plaintiff has failed to indicate on the form that she relies on the Age Discrimination in Employment Act ("ADEA") as a basis for her case.

Even if what could be construed as a scrivener's oversight by the pro se plaintiff is overlooked, defendants next maintain that her ADEA suit against the state is barred by Eleventh Amendment immunity. Absent waiver or express congressional abrogation, the Eleventh Amendment prohibits a suit brought by a private individual against a state in federal court. *See Federal Maritime Commission v. South Carolina State Ports Authority,* 535 U.S. 743, 122 S.Ct. 1864, 1877-78, 152 L.Ed.2d 962 (2002); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Gamble v. Florida Department of Heath and Rehabilitative*

*Services*, 779 F.2d 1509, 1511 (11th Cir. 1986). Eleventh Amendment immunity extends also to state agents and state instrumentalities, *Regents of the University of California v. Doe*, 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997), and arms of the state as well as state officials. *Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). The Supreme Court has made clear that Eleventh Amendment immunity applies to claims brought under the ADEA. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 66, 91, 120 S.Ct. 631, 637, 650, 45 L.Ed.2d 522 (2000) (holding that the ADEA does not validly abrogate the states' Eleventh Amendment immunity to suit by private individuals). Thus, plaintiff's ADEA claim must fail.

Finally, defendants assert that plaintiff's age discrimination claim is untimely because she did not raise it until her second amended complaint filed on December 28, 2007 (doc. 14), having failed to raise it in either her initial complaint filed on August 21, 2007 (doc. 1), or her amended complaint filed on November 19, 2007 (doc. 12). Furthermore, in both the second amended complaint and the third amended complaint currently at issue plaintiff checked "age" as a basis for her discrimination claim. (Doc. 14 at 3, doc. 16 at 3). However, there is no factual basis to support such a claim as age is not even mentioned in plaintiff's description of the facts in any of the versions of her complaint. Defendants' motion to dismiss plaintiff's claim pursuant to the ADEA should thus be granted.

### Plaintiff's Gender Discrimination Claim

Defendants next contend that plaintiff's claim for gender discrimination must be dismissed under Fed.R.Civ.P. 12(b)(6). In order to state a cause of action for gender discrimination, plaintiff must show: (1) that she was a member of a protected class; (2) that she was qualified for the job; (3) that she suffered an adverse employment action; and (4) that she was displaced by someone outside her protected class. *Rioux v. City of Atlanta, Ga.,* 520 F.3d 1269, 1276 (11th Cir. 2008);

*Hinson v. Clinch County, GA Bd. of Education*, 231 F.3d 821, 828 (11th Cir. 2000). Defendants contend that plaintiff's complaint establishes only that she is a female, which is a protected class under Title VII, and that she has failed to allege any of the remaining elements. In support of her memorandum in opposition to the motion to dismiss or for summary judgment plaintiff has submitted a copy of a performance evaluation showing she is highly qualified for her position, in that she received a superior performance rating. Consideration of this document would take the court beyond the four corners of the complaint and into the realm of summary judgment. This it need not do, because even if the court considered this document, plaintiff has not alleged that she was displaced by someone outside the protected class, and therefore she has not stated a claim for gender discrimination.

### Plaintiff's Claim of Sexual Harassment

Defendants next assert that plaintiff has failed to state a claim for sexual harassment. To establish a hostile-environment sexual harassment claim under Title VII, plaintiff must show that:

> (1) she belongs to a protected group; (2) she has been subject to unwelcome sexual harassment; (3) the harassment was based on her membership in a protected group; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create an abusive working environment; and (5) a basis for holding the employer liable exists.

*Reeves v. C.H. Robinson Worldwide, Inc.,* 525 F.3d 1139, 1143 (11th Cir. 2008); *Mendoza v. Borden*, 195 F.3d 1238, 1245 (11th Cir. 1999). It cannot reasonably be disputed that plaintiff's allegations meet the first three elements of this test. As recognized by the Eleventh Circuit, it is the fourth element, the "severe or pervasive" element that "tests the mettle of most sexual harassment claims." *Reeves*, 525 F.3d at 1145 (quoting *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 583 (11th Cir. 2000). This element filters out "ordinary tribulations of the workplace" and is satisfied only

when "the workplace is permeated with discriminatory intimidation, ridicule, and insult." *Reeves* 525 F.3d at 1145 (citations omitted).

The "severe or pervasive" element includes both a subjective and an objective component. *Reeves*, 525 F.3d at 1145 (citing *Mendoza*, 195 F.3d at 1246). With respect to the first portion of this element, clearly, plaintiff subjectively perceived the treatment she received from both Cartwright and Strain to be sufficiently "severe or pervasive" so as to violate Title VII. The question is whether the plaintiff's perception, under the totality of the circumstances, was objectively reasonable. *Reeves*, 525 F.3d at 1145.

Four factors guide the court's analysis: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interfered with the employee's job performance. *Reeves* 525 F.3d at 1145-1146 (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88, 118 S.Ct. 2275, 2283, 141 L.Ed.2d 662 (1998)). No single factor is dispositive, and either severity or pervasiveness can satisfy this test, if sufficient. *Reeves*, 525 F.3d at 1146 (citations omitted).

Defendants contends that plaintiff has not alleged information from which this determination could be made, and that without even a minimum showing of the required elements, plaintiff has "hardly stated a cause of action." (Doc. 27 at 5). This court disagrees.

Taking the facts in the light most favorable to the plaintiff, she has alleged as follows with respect to Jerry Cartwright in her third amended complaint:

–He asked plaintiff to disclose her bra size in public and in the presence of another employee, and touched her back and neck inappropriately;

–He asked plaintiff out for drinks on several occasions;

–He cornered plaintiff in her office after hours and made "sexual statements and requests;"

> –He asked plaintiff to go to a "gentleman's club" with him;
>
> –He told plaintiff on several occasions words to the effect that she "knew what she had to do to keep her job;"
>
> –On the only two occasions when plaintiff sat next to him at the weekly staff meeting, he made lewd comments and placed his hand on inappropriate places on plaintiff's chair and thighs. Plaintiff henceforth avoided the meetings.

**Plaintiff alleged that Cartwright interfered with her job performance in that:**

> –He set it up so that Strain would not cooperate with plaintiff's department on things requiring collaboration;
>
> –He prohibited plaintiff from getting assistance from the marketing assistant and made it impossible for her to get a "much needed and critical brochure published."
>
> **With respect to defendant Strain plaintiff alleged:**
>
> –He "made inappropriate gestures pointing while bending over and told [plaintiff she] was to perform certain acts in certain areas he pointed to."
>
> –He "committ[ed] sexual harassment acts and [made] sexually harassing comments with the plaintiff in private and in front of other employees."
>
> **She further alleges that Strain:**
>
> –made it impossible for her to meet program goals and responsibilities by disrupting her workflow;
>
> –intended to sabotage the success of a federally funded grant program.

Finally, plaintiff contends that she was "humiliated and degraded" by the actions of Cartwright and Strain. The court finds that taken as a whole, plaintiff's allegations are sufficient to "raise a right to relief above the speculative level," *Mills*, 511 F.3d at 1303, and that her sexual harassment claim, but for having named the wrong defendant, is sufficient to survive a motion for dismissal pursuant to Fed.R.Civ.P. 12(b)(6).

### Plaintiff's Claim of Retaliation

Defendants next contend that plaintiff's retaliation claim must be dismissed. Title VII provides that it is unlawful for an employer to discriminate against any of his employees. . . because [the employee] has opposed any practice made an unlawful employment practice by [Title VII]."  42 U.S.C. § 2000e-3(a).  A retaliation claim requires a showing that (1) plaintiff engaged in statutorily protected activity; (2) she suffered a materially adverse employment action and (3) the adverse employment action was causally related to her protected activities.  *Butler v. Alabama Dept. of Transportation*, 536 F.3d 1209, 1212-1213 (11th Cir. 2008) (citations omitted). Defendants assert that plaintiff fails to meet any of the three prongs of this test.

Plaintiff contends in her complaint that she made "formal complaints . . . concerning the sexual harassment and inappropriate comments made by Jerry Cartwright and Larry Strain."  She also asserts that she "took all of the prescribed steps to report [defendants'] behavior on several occasions to her supervisor, and to the University of West Florida Human Resources Department."  Defendants assert that these comments are not sufficiently specific, as they do not identify to whom plaintiff complained, whether the complaint was oral or written, whether the person to whom she complained was authorized to receive such complaints, what the "proscribed steps" that she took encompassed, or the date or specific number of times that she made the alleged reports.  Taking the allegations of the complaint in the light most favorable to the plaintiff, and affording her allegations the liberal construction afforded to pro se litigants, the court finds that plaintiff has sufficiently stated a claim for retaliation.

### Failure to Comply with Fed.R.Civ.P. 8

Defendants contend that plaintiff's complaint is subject to dismissal because it fails to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As noted earlier, although it is neither the duty nor role of the

court to provide a pro se litigant with instructions on how to proceed with his or her claim, plaintiff was directed several times to file amended complaints in an effort to streamline her allegations and present a comprehensible claim.  The court does not disagree that plaintiff's third amended complaint and the format in which it is presented is vague and in some respects difficult to comprehend.  The essential "gist" of the complaint, that plaintiff suffered sexual harassment and retaliation, and that her complaints to UWF about this treatment went unanswered, is sufficiently apparent.

**Dismissal with or without prejudice**

The remaining question is whether dismissal of plaintiff's third amended complaint should be with prejudice or without prejudice so that plaintiff may amend her complaint yet again.  Defendants seek dismissal with prejudice for the reasons set forth above.  Plaintiff, on the other hand, requests leave to amend her complaint in her response to defendants' motion.  (Doc. 36 at 1).  As noted above, this court finds that plaintiff's allegations of sexual harassment and retaliation, taken in the light most favorable to her, would have been sufficient to survive a motion to dismiss, had she named the proper party defendant to this action.  Therefore, the court is inclined to recommend that plaintiff be allowed to amend her complaint to name the proper defendant (see Fed.R.Civ.P. 15(c)(1)(C)), and to consolidate her claims of sexual harassment and retaliation.  If plaintiff chooses to file a fourth amended complaint, such amendment should take the form of a <u>single</u> employment discrimination complaint form that has been fully and properly completed.  She should <u>not</u> submit as attachments previous versions of the complaint form.  Instead, all relevant allegations should be incorporated into a single statement of facts on a single form.  Plaintiff should limit her allegations to details relevant to her claims of sexual harassment and retaliation, as these are the only claims that appear to have sufficient merit to proceed.

**Based on the foregoing, it is respectfully RECOMMENDED:**

**The motion to dismiss (doc. 27) be granted and plaintiff's third amended complaint be dismissed without prejudice to her refiling of a fourth amended complaint in accordance with the instructions set forth in this recommendation. Plaintiff should be required to file her fourth amended complaint within thirty days of an order adopting the recommendation, and should be advised that failure to do so should result in a dismissal of this action with prejudice.**

At Pensacola, Florida, this 6th day of October, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636;** *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).